UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06439-JLS-PVC                                         Date: September 14, 2022
Title: Amber M. Ortiz v. Solestage, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  V.R. Vallery                                                N/A
Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                    Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Defendant Solestage, Inc. removed the instant action to this Court on September 8, 2022. (*See* Notice of Removal, Doc. 1.)  In the complaint filed in state court, attached to the Notice of Removal, Plaintiff states that the "complaint is a sole claim under Unruh [Civil Rights Act, Cal. Civ. Code § 51 *et seq.*] as the event happened in the state of California and the federal laws are for reference purposes." (*Id.* at 11.)

     "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[T]he district court ha[s] a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[] the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  As the party invoking federal jurisdiction, Defendant has the burden of establishing the existence of subject matter jurisdiction.  *See Kokkonen*, 511 U.S at 377.

     Defendant maintains that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, because "this is a civil rights action alleging violations of the Americans with Disabilities Act." (Notice of Removal at 2.)  The determination whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  But Plaintiff only brings claims under the Unruh Act, which makes violations of the Americans with Disabilities Act violations of state law.  *See* Cal. Civ. Code § 51(f); *see also Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-06439-JLS-PVC | Date: September 14, 2022 |
| Title: Amber M. Ortiz v. Solestage, Inc. et al | |

    Accordingly, Defendant is ORDERED to show cause no later than **seven (7) days from the date of this Order**, why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to timely respond will result in the immediate dismissal of this case.

Initials of Preparer:  vrv